HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN LASH, )
)
Plaintiff, )          Case No. 2:17-cv-01646-JLR
)
v. )          STIPULATED PROTECTIVE ORDER
)          [PROPOSED]
STANDARD INSURANCE COMPANY, )
)
Defendant. )
_____ )

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER [PROPOSED] - 1
Case No. 2:17-cv-01646-JLR

JENSEN MORSE BAKER PLLC
216 FIRST AVENUE SOUTH, SUITE 204
SEATTLE, WA 98104
PHONE: 206.682.1550

2.   "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

  a.  Information regarding Standard Insurance Company's ("Standard") policies, procedures and manuals, including but not limited to claims handling methods and training provided by Standard to its employees;

  b.  Information regarding the business relationship between Standard and outside medical vendors and service providers utilized by Standard in connection with disability claims; and

  c.  Personnel files and related materials.

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1   Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

STIPULATED PROTECTIVE ORDER [PROPOSED] - 2
Case No. 2:17-cv-01646-JLR

JENSEN MORSE BAKER PLLC
216 FIRST AVENUE SOUTH, SUITE 204
SEATTLE, WA 98104
PHONE: 206.682.1550

1        (a)      the receiving party's counsel of record in this action, as well as employees

2   of counsel to whom it is reasonably necessary to disclose the information for this litigation;

3        (b)      the officers, directors, and employees (including in house counsel) of the

4   receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

5   agree that a particular document or material produced is for Attorney's Eyes Only and is so

6   designated;

7        (c)      experts and consultants to whom disclosure is reasonably necessary for this

8   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9        (d)      the court, court personnel, and court reporters and their staff;

10       (e)      copy or imaging services retained by counsel to assist in the duplication of

11  confidential material, provided that counsel for the party retaining the copy or imaging service

12  instructs the service not to disclose any confidential material to third parties and to immediately

13  return all originals and copies of any confidential material;

14       (f)      during their depositions, witnesses in the action to whom disclosure is

15  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

16  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

17  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

18  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

19  under this agreement;

20       (g)      the author or recipient of a document containing the information or a

21  custodian or other person who otherwise possessed or knew the information.

22       4.3    Filing Confidential Material. Before filing confidential material or discussing or

23  referencing such material in court filings, the filing party shall confer with the designating party

24  to determine whether the designating party will remove the confidential designation, whether the

25  document can be redacted, or whether a motion to seal or stipulation and proposed order is

26  warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

27  that will be applied when a party seeks permission from the court to file material under seal.

28

STIPULATED PROTECTIVE ORDER [PROPOSED] - 3
Case No. 2:17-cv-01646-JLR

JENSEN MORSE BAKER PLLC
216 FIRST AVENUE SOUTH, SUITE 204
SEATTLE, WA 98104
PHONE: 206.682.1550

1    5.    DESIGNATING PROTECTED MATERIAL

2         5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

3    or non-party that designates information or items for protection under this agreement must take

4    care to limit any such designation to specific material that qualifies under the appropriate

5    standards. The designating party must designate for protection only those parts of material,

6    documents, items, or oral or written communications that qualify, so that other portions of the

7    material, documents, items, or communications for which protection is not warranted are not swept

8    unjustifiably within the ambit of this agreement.

9         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

10   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

11   unnecessarily encumber or delay the case development process or to impose unnecessary expenses

12   and burdens on other parties) expose the designating party to sanctions.

13        If it comes to a designating party's attention that information or items that it designated for

14   protection do not qualify for protection, the designating party must promptly notify all other parties

15   that it is withdrawing the mistaken designation.

16        5.2    Manner and Timing of Designations. Except as otherwise provided in this

17   agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

18   ordered, disclosure or discovery material that qualifies for protection under this agreement must

19   be clearly so designated before or when the material is disclosed or produced.

20        (a)    Information in documentary form: (*e.g.*, paper or electronic documents and

21   deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

22   the designating party must affix the word "CONFIDENTIAL" to each page that contains

23   confidential material. If only a portion or portions of the material on a page qualifies for protection,

24   the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

25   markings in the margins).

26        (b)    Testimony given in deposition or in other pretrial proceedings: the parties

27   and any participating non-parties must identify on the record, during the deposition or other pretrial

28
STIPULATED PROTECTIVE ORDER [PROPOSED] - 4
Case No. 2:17−cv−01646−JLR

JENSEN MORSE BAKER PLLC
216 FIRST AVENUE SOUTH, SUITE 204
SEATTLE, WA 98104
PHONE: 206.682.1550

1   proceeding, all protected testimony, without prejudice to their right to so designate other testimony

2   after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

3   transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

4   exhibits thereto, as confidential. If a party or non-party desires to protect confidential information

5   at trial, the issue should be addressed during the pre-trial conference.

6           (c)   Other tangible items: the producing party must affix in a prominent place

7   on the exterior of the container or containers in which the information or item is stored the word

8   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

9   the producing party, to the extent practicable, shall identify the protected portion(s).

10  5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

11  designate qualified information or items does not, standing alone, waive the designating party's

12  right to secure protection under this agreement for such material. Upon timely correction of a

13  designation, the receiving party must make reasonable efforts to ensure that the material is treated

14  in accordance with the provisions of this agreement.

15  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

16  6.1   Timing of Challenges. Any party or non-party may challenge a designation of

17  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

18  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

19  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

20  challenge a confidentiality designation by electing not to mount a challenge promptly after the

21  original designation is disclosed.

22  6.2   Meet and Confer. The parties must make every attempt to resolve any dispute

23  regarding confidential designations without court involvement. Any motion regarding confidential

24  designations or for a protective order must include a certification, in the motion or in a declaration

25  or affidavit, that the movant has engaged in a good faith meet and confer conference with other

26  affected parties in an effort to resolve the dispute without court action. The certification must list

27

28  STIPULATED PROTECTIVE ORDER [PROPOSED] - 5
    Case No. 2:17−cv−01646−JLR

1 the date, manner, and participants to the conference. A good faith effort to confer requires a face-
2 to-face meeting or a telephone conference.

3       6.3   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court
4 intervention, the designating party may file and serve a motion to retain confidentiality under Local
5 Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of
6 persuasion in any such motion shall be on the designating party. Frivolous challenges, and those
7 made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on
8 other parties) may expose the challenging party to sanctions. All parties shall continue to maintain
9 the material in question as confidential until the court rules on the challenge.

10 7.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>
11 <u>LITIGATION</u>

12       If a party is served with a subpoena or a court order issued in other litigation that compels
13 disclosure of any information or items designated in this action as "CONFIDENTIAL," that party
14 must:

15       (a)     promptly notify the designating party in writing and include a copy of the
16 subpoena or court order;

17       (b)     promptly notify in writing the party who caused the subpoena or order to
18 issue in the other litigation that some or all of the material covered by the subpoena or order is
19 subject to this agreement. Such notification shall include a copy of this agreement; and

20       (c)     cooperate with respect to all reasonable procedures sought to be pursued by
21 the designating party whose confidential material may be affected.

22 8.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

23       If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential
24 material to any person or in any circumstance not authorized under this agreement, the receiving
25 party must immediately (a) notify in writing the designating party of the unauthorized disclosures,
26 (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the
27 person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

28 STIPULATED PROTECTIVE ORDER [PROPOSED] - 6
Case No. 2:17-cv-01646-JLR

JENSEN MORSE BAKER PLLC
216 First Avenue South, Suite 204
Seattle, WA 98104
PHONE: 206.682.1550

1 and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

2 Bound" that is attached hereto as Exhibit A.

3 9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

4 MATERIAL

5      When a producing party gives notice to receiving parties that certain inadvertently

6 produced material is subject to a claim of privilege or other protection, the obligations of the

7 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

8 is not intended to modify whatever procedure may be established in an e-discovery order or

9 agreement that provides for production without prior privilege review. The parties   agree to the

10 entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11 10.    NON TERMINATION AND RETURN OF DOCUMENTS

12      Within 60 days after the termination of this action, including all appeals, each receiving

13 party must return all confidential material to the producing party, including all copies, extracts and

14 summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

15      Notwithstanding this provision, counsel are entitled to retain one archival copy of all

16 documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

17 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

18 product, even if such materials contain confidential material.

19      The confidentiality obligations imposed by this agreement shall remain in effect until a

20 designating party agrees otherwise in writing or a court orders otherwise.

21

22

23

24

25

26

27

28
STIPULATED PROTECTIVE ORDER [PROPOSED] - 7
Case No. 2:17-cv-01646-JLR

JENSEN MORSE BAKER PLLC
216 FIRST AVENUE SOUTH, SUITE 204
SEATTLE, WA 98104
PHONE: 206.682.1550

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2
DATED:   February 27, 2018               */s/ Mel Crawford (with telephonic authority)*
3                                            Mel Crawford, WSBA No. 22930
                                            Attorneys for Plaintiff
4
DATED:   February 27, 2018               */s/ Laura T. Morse*
5                                            Gabriel Baker, WSBA No. 28473
                                            Laura T. Morse, WSBA No. 34532
6                                            Attorneys for Defendant

7          PURSUANT TO STIPULATION, IT IS SO ORDERED

8          IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

9    documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding

10   in any other court, constitute a waiver by the producing party of any privilege applicable to those

11   documents, including the attorney-client privilege, attorney work-product protection, or any other

12   privilege or protection recognized by law.

13

14
DATED:   28 Feb. 2018
15

16                                            Honorable James L. Robart
17                                            United States District Court Judge

18

19

20

21

22

23

24

25

26

27

28
STIPULATED PROTECTIVE ORDER [PROPOSED] - 8          **JENSEN MORSE BAKER PLLC**
Case No. 2:17-cv-01646-JLR                          216 FIRST AVENUE SOUTH, SUITE 204
                                                    SEATTLE, WA 98104
                                                    PHONE: 206.682.1550

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of *Susan Lash v. Standard Insurance Company*, Case No. 2:17-cv-01646 JLR. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER [PROPOSED] - 9
Case No. 2:17-cv-01646-JLR

JENSEN MORSE BAKER PLLC
216 FIRST AVENUE SOUTH, SUITE 204
SEATTLE, WA 98104
PHONE: 206.682.1550

**CERTIFICATE OF SERVICE**

Pursuant to RCW 9A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 27th day of February, 2018, the document attached hereto was delivered to the below counsel in the manner indicated.

Mel Crawford
Law Office of Mel Crawford
9425 35th Avenue N.E., Suite C
Seattle, WA 98115
melcrawford@melcrawfordlaw.com

☑ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

DATED this 27th day of February, 2018.

By /s/ Laura T. Morse
Laura T. Morse

STIPULATED PROTECTIVE ORDER [PROPOSED] - 10
Case No. 2:17–cv–01646–JLR

JENSEN MORSE BAKER PLLC
216 FIRST AVENUE SOUTH, SUITE 204
SEATTLE, WA 98104
PHONE: 206.682.1550