HON. JAMES L. ROBART

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

SUSAN LASH,

         Plaintiff

    v.

STANDARD INSURANCE COMPANY,

         Defendant.

CASE NO. C17-1646-JLR

~~MODEL~~ STIPULATED PROTECTIVE
ORDER MODIFIED TO INCLUDE THIRD
PARTY WITNESS

1.    PURPOSES AND LIMITATIONS

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiff Susan Lash and Lone Star Consulting Services, LLC d/b/a MES Peer Review Services ("PRS"), collectively referred to hereafter as "the parties") hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal

MODEL STIPULATED PROTECTIVE ORDER
MODIFIED TO INCLUDE THIRD PARTY WITNESS- 1
No. C17-1646-JLR

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

1 principles, and it does not presumptively entitle parties to file confidential information under

2 seal.

3    2.    "CONFIDENTIAL" MATERIAL

4    "Confidential" material shall include the following documents and tangible things

5 produced or otherwise exchanged:  Information regarding compensation paid to Nichole Barry,

6 M.D.

7    3.    SCOPE

8    The protections conferred by this agreement cover not only confidential material (as

9 defined above), but also (1) any information copied or extracted from confidential material; (2)

10 all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

11 conversations, or presentations by parties or their counsel that might reveal confidential material.

12    However, the protections conferred by this agreement do not cover information that is in

13 the public domain or becomes part of the public domain through trial or otherwise.

14    4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

15    4.1    Basic Principles. A receiving party may use confidential material that is disclosed

16 or produced by another party or by a non-party in connection with this case only for prosecuting,

17 defending, or attempting to settle this litigation. Confidential material may be disclosed only to

18 the categories of persons and under the conditions described in this agreement. Confidential

19 material must be stored and maintained by a receiving party at a location and in a secure manner

20 that ensures that access is limited to the persons authorized under this agreement.

21    4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

22 ordered by the court or permitted in writing by the designating party, a receiving party may

23 disclose any confidential material only to:

24    (a)    the receiving party's counsel of record in this action, as well as employees of

25 counsel to whom it is reasonably necessary to disclose the information for this litigation;

26    (b)    the officers, directors, and employees (including in house counsel) of the

27 receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

MODEL STIPULATED PROTECTIVE ORDER
MODIFIED TO INCLUDE THIRD PARTY WITNESS- 2
No. C17-1646-JLR

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614  Fax 206.905-2342

1   agree that a particular document or material produced is for Attorney's Eyes Only and is so

2   designated;

3       (c)    experts and consultants to whom disclosure is reasonably necessary for this

4   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5       (d)    the court, court personnel, and court reporters and their staff;

6       (e)    copy or imaging services retained by counsel to assist in the duplication of

7   confidential material, provided that counsel for the party retaining the copy or imaging service

8   instructs the service not to disclose any confidential material to third parties and to immediately

9   return all originals and copies of any confidential material;

10      (f)    during their depositions, witnesses in the action to whom disclosure is reasonably

11  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

12  A), unless otherwise agreed by the designating party or ordered by the court. Pages of

13  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

14  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

15  under this agreement;

16      (g)    the author or recipient of a document containing the information or a custodian or

17  other person who otherwise possessed or knew the information.

18      4.3    Filing Confidential Material. Before filing confidential material or discussing or

19  referencing such material in court filings, the filing party shall confer with the designating party

20  to determine whether the designating party will remove the confidential designation, whether the

21  document can be redacted, or whether a motion to seal or stipulation and proposed order is

22  warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

23  standards that will be applied when a party seeks permission from the court to file material under

24  seal.

25      5.     DESIGNATING PROTECTED MATERIAL

26      5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

27  or non-party that designates information or items for protection under this agreement must take

MODEL STIPULATED PROTECTIVE ORDER
MODIFIED TO INCLUDE THIRD PARTY WITNESS- 3
No. C17-1646-JLR

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694.1614 Fax 206.905.2342

1   care to limit any such designation to specific material that qualifies under the appropriate

2   standards. The designating party must designate for protection only those parts of material,

3   documents, items, or oral or written communications that qualify, so that other portions of the

4   material, documents, items, or communications for which protection is not warranted are not

5   swept unjustifiably within the ambit of this agreement.

6         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

7   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

8   unnecessarily encumber or delay the case development process or to impose unnecessary

9   expenses and burdens on other parties) expose the designating party to sanctions.

10        If it comes to a designating party's attention that information or items that it designated

11   for protection do not qualify for protection, the designating party must promptly notify all other

12   parties that it is withdrawing the mistaken designation.

13        5.2    Manner and Timing of Designations. Except as otherwise provided in this

14   agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

15   ordered, disclosure or discovery material that qualifies for protection under this agreement must

16   be clearly so designated before or when the material is disclosed or produced.

17        (a)    Information in documentary form: (e.g., paper or electronic documents and

18   deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

19   the designating party must affix the word "CONFIDENTIAL" to each page that contains

20   confidential material. If only a portion or portions of the material on a page qualifies for

21   protection, the producing party also must clearly identify the protected portion(s) (e.g., by

22   making appropriate markings in the margins).

23        (b)    Testimony given in deposition or in other pretrial proceedings: the parties and any

24   participating non-parties must identify on the record, during the deposition or other pretrial

25   proceeding, all protected testimony, without prejudice to their right to so designate other

26   testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

27   receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

MODEL STIPULATED PROTECTIVE ORDER
MODIFIED TO INCLUDE THIRD PARTY WITNESS- 4
No. C17-1646-JLR

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

1  transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect

2  confidential information at trial, the issue should be addressed during the pre-trial conference.

3        (c)    Other tangible items: the producing party must affix in a prominent place on the

4  exterior of the container or containers in which the information or item is stored the word

5  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

6  the producing party, to the extent practicable, shall identify the protected portion(s).

7        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

8  designate qualified information or items does not, standing alone, waive the designating party's

9  right to secure protection under this agreement for such material. Upon timely correction of a

10  designation, the receiving party must make reasonable efforts to ensure that the material is

11  treated in accordance with the provisions of this agreement.

12        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

13        6.1    Timing of Challenges. Any party or non-party may challenge a designation of

14  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

15  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

16  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

17  challenge a confidentiality designation by electing not to mount a challenge promptly after the

18  original designation is disclosed.

19        6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

20  regarding confidential designations without court involvement. Any motion regarding

21  confidential designations or for a protective order must include a certification, in the motion or in

22  a declaration or affidavit, that the movant has engaged in a good faith meet and confer

23  conference with other affected parties in an effort to resolve the dispute without court action. The

24  certification must list the date, manner, and participants to the conference. A good faith effort to

25  confer requires a face-to-face meeting or a telephone conference.

26        6.3    Judicial Intervention. If the parties cannot resolve a challenge without court

27  intervention, the designating party may file and serve a motion to retain confidentiality under

MODEL STIPULATED PROTECTIVE ORDER
MODIFIED TO INCLUDE THIRD PARTY WITNESS- 5
No. C17-1646-JLR

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

1 Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of
2 persuasion in any such motion shall be on the designating party. Frivolous challenges, and those
3 made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on
4 other parties) may expose the challenging party to sanctions. All parties shall continue to
5 maintain the material in question as confidential until the court rules on the challenge.

6     7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
7 OTHER LITIGATION

8     If a party is served with a subpoena or a court order issued in other litigation that compels
9 disclosure of any information or items designated in this action as "CONFIDENTIAL," that
10 party must:

11     (a)   promptly notify the designating party in writing and include a copy of the
12 subpoena or court order;

13     (b)   promptly notify in writing the party who caused the subpoena or order to issue in
14 the other litigation that some or all of the material covered by the subpoena or order is subject to
15 this agreement. Such notification shall include a copy of this agreement; and

16     (c)   cooperate with respect to all reasonable procedures sought to be pursued by the
17 designating party whose confidential material may be affected.

18     8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19     If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential
20 material to any person or in any circumstance not authorized under this agreement, the receiving
21 party must immediately (a) notify in writing the designating party of the unauthorized
22 disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,
23 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of
24 this agreement, and (d) request that such person or persons execute the "Acknowledgment and
25 Agreement to Be Bound" that is attached hereto as Exhibit A.

26
27

MODEL STIPULATED PROTECTIVE ORDER
MODIFIED TO INCLUDE THIRD PARTY WITNESS- 6
No. C17-1646-JLR

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

1    9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

2  PROTECTED MATERIAL

3    When a producing party gives notice to receiving parties that certain inadvertently

4  produced material is subject to a claim of privilege or other protection, the obligations of the

5  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

6  provision is not intended to modify whatever procedure may be established in an e-discovery

7  order or agreement that provides for production without prior privilege review. The parties

8  agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

9    10.    NON TERMINATION AND RETURN OF DOCUMENTS

10    Within 60 days after the termination of this action, including all appeals, each receiving

11  party must return all confidential material to the producing party, including all copies, extracts

12  and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

13  destruction.

14    Notwithstanding this provision, counsel are entitled to retain one archival copy of all

15  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

16  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

17  work product, even if such materials contain confidential material.

18    The confidentiality obligations imposed by this agreement shall remain in effect until a

19  designating party agrees otherwise in writing or a court orders otherwise.

20    IT IS SO STIPULATED THIS 18th day of June.

21

22    By *s/Mel Crawford*
       Mel Crawford, WSBA # 22930
23     Attorney for Plaintiff

24    By *s/Karen D. Peck*
       Karen D. Peck, NJ Attorney ID# 004282009
25     Attorney for Lone Star Consulting Services, LLC
       d/b/a MES Peer Review Services
26

27

MODEL STIPULATED PROTECTIVE ORDER
MODIFIED TO INCLUDE THIRD PARTY WITNESS- 7
No. C17-1646-JLR

1  PURSUANT TO STIPULATION, IT IS SO ORDERED

2       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3  documents in this proceeding shall not, for the purposes of this proceeding or any other

4  proceeding in any other court, constitute a waiver by the producing party of any privilege

5  applicable to those documents, including the attorney-client privilege, attorney work-product

6  protection, or any other privilege or protection recognized by law.

7

8

9

10  DATED: June 21, 2018

11

12      Hon. James L. Robart
       United States District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MODEL STIPULATED PROTECTIVE ORDER
MODIFIED TO INCLUDE THIRD PARTY WITNESS- 8
No. C17-1646-JLR

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614  Fax 206.905-2342

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of

5

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6

issued by the United States District Court for the Western District of Washington on _____ in the

7

case of *Lash v. Standard Insurance Company*, Case No. C17-1646-JLR. I agree to comply with

8

and to be bound by all the terms of this Stipulated Protective Order and I understand and

9

acknowledge that failure to so comply could expose me to sanctions and punishment in the

10

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

11

item that is subject to this Stipulated Protective Order to any person or entity except in strict

12

compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Western District of Washington for the purpose of enforcing the terms of this Stipulated

15

Protective Order, even if such enforcement proceedings occur after termination of this action.

16

Date:

17

City and State where sworn and signed:

18

Printed name:

19

Signature:

20

21

22

23

24

25

26

27

MODEL STIPULATED PROTECTIVE ORDER
MODIFIED TO INCLUDE THIRD PARTY WITNESS- 9
No. C17-1646-JLR

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614  Fax 206.905-2342